SO ORDERED.

Dated: February 23, 2017

Daniel P. Collins, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>COLLEGE PROPERTIES LTD,<br><br>    Debtor.<br><br>ANTHONY DEPETRIS,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN MULLEN,<br><br>    Defendant. | In Proceedings Under Chapter 7<br>Case No. 2:05-bk-10095-DPC<br>(Jointly Administered)<br>Case No. 2:05-bk-15155-DPC<br><br><br>**Adv. No.: 2:17-ap-00021-DPC**<br><br><br>**SUA SPONTE ORDER DISMISSING ADVERSARY PROCEEDING**<br><br>**[NOT FOR PUBLICATION]** |

The Court is in receipt of Plaintiff Anthony DePetris' Complaint (the "Complaint") dated January 11, 2017 filed at 2:17-ap-00021-DPC. (17-ap-00021, DE 1). The Court finds that the facts and relief requested in the Complaint are substantially the same as the facts and relief requested in the Motion to Reopen Adversary Proceeding filed in 2:06-ap-00063-DPC at docket number 55 on December 12, 2016 (the "Motion to Reopen"). Therefore, in the interest of judicial economy, the Court is dismissing the Complaint.

I. **Procedural History**

The Motion to Reopen was filed on December 12, 2016 in 2:06-ap-00063-DPC. On December 16, 2016, the Court set a January 17, 2017 hearing on the Motion to Reopen and sent notice to Mr. DePetris through the Bankruptcy Notification Center. (06-ap-00063, DEs 56-59). Mr. DePetris requested and was granted permission to appear at the hearing telephonically. (06-ap-00063, DEs 60, 63, 67). On January 17, 2017, the Court

1

held the hearing on the Motion to Reopen. (06-ap-00063, DE 68). Trustee appeared at the hearing and argued his Response to the Motion to Reopen (the "Response") filed at 06-ap-00063, DE 61. (06-ap-00063, DE 68). Mr. DePetris did not appear at the hearing on the Motion to Reopen. *Id.* On January 19, 2017, the Court entered the Order Denying Motion to Reopen. (06-ap-00063, DE 71). The Order Denying Motion to Reopen is currently on appeal (06-ap-00063, DE 83). Mr. DePetris filed a Motion for Reconsideration of the Order Denying Motion to Reopen. The Motion for Reconsideration is denied by an order concurrently entered by this Court.

Plaintiff filed the Complaint on January 11, 2017. (17-ap-00021, DE 1). It alleges certain bad acts by the Trustee in the related administrative case, 2:05-bk-10095-DPC. It further states, "The secured creditor is seeking to reopen the case above-mentioned [06-ap-00063]," in order to prosecute the bad acts alleged. *Id.*

## II. <u>Issue</u>

May the Court dismiss the Complaint in 2:17-ap-00021-DPC because it is duplicative of issues already raised and heard in 2:06-ap-00063-DPC?

## III. <u>Analysis</u>

In *Latham Orthopedics Med. Grp. v. U.S.-Corp.*, 2010 WL 4585240 (C.D. Cal. Nov. 2, 2010), the District Court for the Central District of California encountered the problem of duplicative lawsuits. There, the Plaintiff filed two separate yet identical lawsuits. The court explained, "[w]hile the text of both the 950 Action complaint and the instant Complaint is garbled and unintelligible, based on the defendants named in, and exhibits attached to, each pleading, it appears that, in both actions, plaintiffs are somehow complaining about and/or challenging the same federal tax assessment and levy." *Id. at* 1. Citing the Supreme Court's decision in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976), the court explained that "the general principle is to avoid duplicative litigation." Further, "[p]laintiffs generally

2

have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Service,* 487 F.3d 684, 688 (9th Cir.2007).

The *Latham* court therefore dismissed the duplicative lawsuit under Rule 41(b) of the Federal Rules of Civil Procedure. The Supreme Court has held that courts have the authority to sua sponte dismiss actions under Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 1388–89 (1962).

Here, as in *Latham*, the Complaint filed in 2:17-ap-00021-DPC alleges a similar and somewhat confusing set of facts where the Trustee engaged in certain misconduct and Mr. DePetris was deprived of certain rights and procedures. Importantly, the requested relief in the Complaint is the reopening of 2:06-ap-00063-DPC. Whether or not that case should be reopened has already been heard and ruled on by this Court, and is currently the subject of an appeal to the Bankruptcy Appellate Panel.

**V.** **Conclusion**

Because the Complaint is duplicative of matters already presented to the Court in 2:06-ap-00063-DPC, it must be dismissed in the interest of judicial economy and the general principle of avoiding duplicative litigation.

**IT IS ORDERED,** dismissing Mr. DePetris' Complaint filed in 2:17-ap-00021-DPC.

**DATED AND SIGNED ABOVE**

COPY of the foregoing mailed by the BNC and/or
sent by auto-generated mail to interested parties.

3